UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| CAPS FUNDING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GSM CONTRACTING, LLC f/k/a ROYAL UNDERGROUND LLC, SERGIO MARTINEZ, JR., and DRAFTPROS, LLC,<br><br>Defendants. | ) | CASE NO.: |

# COMPLAINT

Plaintiff, CAPS FUNDING, LLC, by and through its undersigned counsel, hereby submits its Complaint and sues Defendants, GSM CONTRACTING, LLC f/k/a ROYAL UNDERGROUND LLC, SERGIO MARTINEZ, JR., and DRAFTPROS, LLC, and states:

## PARTIES

1. Plaintiff, CAPS FUNDING, LLC ("Caps"), is and was at all times material to this action a limited liability company organizing and existing under the laws of the State of South Carolina with its principal place of business located in Richland County, South Carolina.

2. Caps' members are citizens of the State of South Carolina.

3. Defendant, GSM CONTRACTING, LLC f/k/a ROYAL UNDERGROUND LLC ("GSM"), is and was at all times material to this action a limited liability company organizing and existing under the laws of the State of Florida with its principal place of business located in Orange County, Florida.

4. In or about late 2022 or early 2023, Royal Underground LLC changed its name to GSM Contracting, LLC.

5. Upon information and belief, GSM's members are citizens of the State of Florida and, specifically, Orange County, Florida.

6. GSM is and was at all times material to this lawsuit in the business of underground utilities construction including, but not limited, performing such work in counties comprising the Middle District of Florida.

7. Defendant, SERGIO MARTINEZ, JR. ("Martinez"), is and was at all times material to this action an individual and resident of Orange County, Florida.

8. Martinez is and was at all times material to this action the Manager of Royal Underground LLC and GSM.

9. Defendant, DRAFTPROS, LLC ("draftPros"), is and was at all times material to this action a limited liability company organizing and existing under the laws of the State of Florida with its principal place of business located in Miami-Dade County, Florida.

10. Upon information and belief, draftPros' members are citizens of the State of Florida and, specifically, Miami-Dade County, Florida.

11. Upon information and belief, draftPros engages in business throughout the State of Florida including, but not limited to, in counties comprising the Middle District of Florida.

**JURISDICTION AND VENUE**

12. Caps hereby incorporates by reference the allegations contained in Paragraph Nos. 1-11 as though those allegations were fully set forth herein.

13. This is an action for damages in excess of $75,000 excluding interest, costs, and attorneys' fees.

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states.

15. This Court has personal jurisdiction over each and all of the Defendants in this action pursuant to Florida law including, but not necessarily limited to, Federal Rule of Civil Procedure 4(k)(1)(A) and section 48.193, Florida Statutes (2024) because they each and all reside in the State of Florida, operate, conduct, engage in, or carry on a business or business venture in this State, and engaged in substantial and not isolated activity within this state.

16. Venue is proper in Orange County pursuant to 28 U.S. Code § 1391(b) because at least two of the Defendants, GSM and Martinez, reside in Orange County, Florida.

## GENERAL ALLEGATIONS

17. Caps hereby incorporates by reference the allegations contained in Paragraph Nos. 1-16 as though those allegations were fully set forth herein.

18. On May 7, 2010, Caps, GSM, and Martinez entered into an Account Receivables Purchase Agreement (the "Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit "A"** and its terms and conditions are incorporate herein by reference.[1]

19. On February 13, 2023, Caps, GSM, and Martinez entered an Addendum to Contract to amend the Agreement to change all references to Royal Underground LLC in the Agreement and any related documents to GSM to account for Royal Underground LLC's name change to GSM. All other terms of the Agreement remained unchanged. As a result, GSM is bound by the terms and conditions of the Agreement just as Royal Underground LLC was. A true and correct copy of the

[1] Social Security Numbers, Tax ID Numbers, Bank Names, Routing Numbers, Account Numbers, Email Addresses, and telephone, fax, and mobile numbers have been redacted from all Exhibits for privacy and confidentiality reasons including, but not limited to, pursuant to the policy of the Judicial Conference of the United States and the E-Government Act of 2002, Pub. L. No. 107-347, along with Fed. R. Civ. P. 5.2, and Fla. R. Gen. Prac. & Jud. Admin. 2.425.

Addendum is attached hereto as **<u>Exhibit "B"</u>** and is incorporated herein by reference.

20. Upon information and belief, on or about June 26, 2023, GSM and draftPros entered into one or more contracts, purchase orders, and/or work orders pursuant to which GSM would furnish labor, services, and materials to draftPros in exchange for money. Caps does not have a copy of the Subcontract(s) between GSM and draftPros, but reasonably believes each/both of them has/have copies of same to allow each/both of them to frame a response to the claims asserted herein.

21. On or about October 10, 2023, Caps, GSM, and Martinez notified draftPros by letter about the business relationship between Caps, GSM, and Martinez established by the Agreement and the Addendum. draftPros signed and dated the letter indicating its agreement and acceptance of the payment arrangement described therein. A true and correct copy of the October 10, 2023 letter is attached hereto as **<u>Exhibit "C"</u>**.

22. On or about October 20, 2023, Caps completed and provided a Vendor ACH Set-up Form to draftPros on a draftPros' form. A true and correct copy of the Vendor ACH Set-up Form is attached hereto as **<u>Exhibit "D"</u>**.

23. On or about April 3, 11, 18, 19, and 26, 2024, GSM issued seven (7) invoices (Nos. 707, 708, 709, 710, 711, 712, and 713) to draftPros totaling $180,401.26 ($6,200.00, $61,065.50, $58,423.50, $4,108.00, $24,653.74,

$19,450.52, and $6,500.00, respectively) for services rendered (the "Assigned Invoices"). True and correct copies of the Assigned Invoices are attached hereto as **Exhibit "E"**.

24. On or about April 4, 12, 19, and 26 2024, Caps purchased from GSM and GSM assigned to Caps the right to payment corresponding to each and all of the seven (7) Assigned Invoices issued by GSM to draftPros. True and correct copies of the four (4) Assignments (Nos. 149039, 149042, 149044, and 149046) corresponding to the Assigned Invoices and executed by Martinez on behalf of GSM are attached hereto as **Exhibit "F"**.

25. Each of the Assigned Invoices directed draftPros to remit payment to Caps.

26. On or about April 5, 12, 19, and 26, 2024, draftPros executed Notices of Assignment/Certificate of Acceptance related to the Assigned Invoices certifying "that the materials and/or services covered by the [Assigned Invoices] have been properly rendered, that there are no disputes, that the amount is correct, and that the invoices will be paid." By signing the Notices of Assignment, draftPros also agreed that it would not assert any claims or defenses [draftPros] may have against [GSM] against [Caps] as assignee. True and correct copies of the four (4) Notices of Assignment are attached hereto as **Exhibit "G"**.

27. On or about April 5, 12, 19, and 26, 2024, Caps advanced the total sum of $144,321.11 to GSM minus applicable wire transfer fees.

28. GSM and Martinez have had the benefit and use of the advanced funds since the funds were advanced.

29. On or about May 24 and 31, 2024, draftPros remitted to Caps and Caps received payments totaling $41,461.74 for Invoice Nos. 707, 710, 711, and 713.

30. To date, draftPros has **not** remitted payment to Caps for Invoice Nos. 708, 709, or 712.

31. The total principal amount owed on Invoice Nos. 708, 709, and 712 is $138,939.62, excluding interest, costs, and attorneys' fees.

32. Pursuant to the Agreement, Caps is entitled to recover of and from GSM and Martinez interest at the rate of 18% annually from the time any monies were unpaid after 100 days from the date funds were advanced through the date payment is received. As of the date of this Complaint, interest exceeds $10,000.00 and continues to accrue.

33. On or about November 18, 2024, the undersigned notified GSM, Martinez, and draftPros that Caps had retained the undersigned to pursue collection of the amounts owed. True and correct copies of the November 18, 2024 letters (excluding the attachments thereto, which were copies of the relevant portions of Exhibits that are attached to this Complaint) are attached hereto as **Exhibit "H"**.

34. On or about December 2, 2024, GSM and draftPros entered into a Settlement Agreement that purported to require draftPros to pay GSM the total amount of $139,939.62 to be paid in two installments 30 and 60 days from the Effective Date of the Settlement Agreement. The Settlement Agreement does not reference Caps, the Agreement, the Assigned Invoices, the Assignments, or the Notices of Assignment/Certificate of Acceptance related to the Assigned Invoices. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "I"**.

35. Caps has made repeated demands for payment.

36. GSM, Martinez, and draftPros has and have each and all failed and refused to remit payment of the outstanding amounts owed to Caps pursuant to the Agreement.

37. Caps has retained the undersigned attorneys to prosecute this matter on its behalf and has agreed to pay its attorneys a reasonable attorneys' fee. GSM and Martinez is/are each and both liable for Caps' attorneys' fees pursuant to the Agreement.

38. All conditions precedent to the filing of this lawsuit have been performed, have occurred, or have been waived.

**COUNT I: BREACH OF CONTRACT AGAINST GSM**

39. Caps hereby incorporates by reference the allegations contained in Paragraph Nos. 1-38 as though those allegations were fully set forth herein.

40. This is an action for breach of contract against GSM for damages in excess of $75,000, exclusive of interest, costs, and attorneys' fees.

41. Caps has a valid, binding, and enforceable contract with GSM.

42. Caps fully performed under the Agreement.

43. GSM has breached the Agreement including, but not necessarily limited to, by:

a. Failing to repay Caps for the advanced funds along with fees and interest accrued;

b. Failing to immediately turn over to Caps any payment received by GSM related to any of the Assigned Invoices;

c. Breaching various warranties prescribed by the Agreement and/or related to the Assigned Invoices;

d. Attempting to subvert the Agreement and divert draftPros' payment on the Assigned Invoices from Caps to GSM;

e. Failing to pay the full amount demanded by Caps within three (3) days of the demand;

f. Interfering with draftPros' payment of the Assigned Invoices to Caps; and/or

g. Interfering with Caps' efforts to secure payment directly from draftPros.

44. As a direct and proximate result of GSM's breach of the Agreement, Caps has suffered and continues to suffer damages.

45. Caps is entitled to recover interest at the rate of 18% annually from the time any monies were unpaid after 100 days from the date funds were advanced through the date payment is received.

46. Caps has retained the services of the undersigned attorney to bring and maintain this action and has agreed and is obligated to pay its attorney a reasonable attorneys' fee.

WHEREFORE, Plaintiff, CAPS FUNDING, LLC, demands judgment against Defendant, GSM CONTRACTING, LLC, for the full measure of Plaintiff's damages including, but not limited to, the principal amount owed, all interest owed, all damages recoverable under the Agreement, all damages recoverable pursuant to any applicable law, costs, and attorneys' fees, and for such other and further relief as this Court deems just and proper.

**COUNT II: UNJUST ENRICHMENT AGAINST GSM**

47. Caps hereby incorporates by reference the allegations contained in Paragraph Nos. 1-38 as though those allegations were fully set forth herein.

48. This is an action for unjust enrichment against GSM for damages in excess of $75,000, exclusive of interest, costs, and attorneys' fees and is plead in the alternative to Count I.

49. Caps has conferred a benefit on GSM by virtue of the advanced funds Caps paid to purchase the Assigned Invoices.

50. GSM had and has knowledge of the benefits conferred by Caps.

51. GSM voluntarily accepted the benefits conferred by Caps and GSM has retained same.

52. GSM has not paid Caps the full value of the benefits conferred on GSM.

53. Caps has not otherwise been paid in full for the funds advanced or the loss of use those monies since the dates of the advances.

54. It would be inequitable for GSM to retain the benefits conferred by Caps without paying Caps the full value of the benefits conferred.

WHEREFORE, Plaintiff, CAPS FUNDING, LLC, demands judgment against Defendant, GSM CONTRACTING, LLC, for the full measure of Plaintiff's damages including, but not limited to, the principal amount owed, all interest owed, all damages recoverable under the Agreement, all damages recoverable pursuant to any

applicable law, costs, and attorneys' fees, and for such other and further relief as this Court deems just and proper.

## COUNT III: BREACH OF CONTRACT AGAINST MARTINEZ

55. Caps hereby incorporates by reference the allegations contained in Paragraph Nos. 1-38 as though those allegations were fully set forth herein

56. This is an action for breach of contract against GSM for damages in excess of $75,000, exclusive of interest, costs, and attorneys' fees.

57. Caps has a valid, binding, and enforceable contract with Martinez.

58. Caps fully performed under the Agreement.

59. Martinez has breached the Agreement including, but not necessarily limited to, by:

a. Failing to repay Caps for the advanced funds along with fees and interest accrued;

b. Failing to immediately turn over to Caps any payment received by GSM and/or Martinez related to any of the Assigned Invoices;

c. Breaching various warranties prescribed by the Agreement and/or related to the Assigned Invoices;

d. Attempting to subvert the Agreement and divert draftPros' payment on the Assigned Invoices from Caps to GSM;

e. Failing to pay the full amount demanded by Caps within three (3) days of the demand;

f. Interfering with draftPros' payment of the Assigned Invoices to Caps; and/or

g. Interfering with Caps' efforts to secure payment directly from draftPros.

60. As a direct and proximate result of Martinez's breach of the Agreement, Caps has suffered and continues to suffer damages.

61. Caps is entitled to recover interest at the rate of 18% annually from the time any monies were unpaid after 100 days from the date funds were advanced through the date payment is received.

62. Caps has retained the services of the undersigned attorney to bring and maintain this action and has agreed and is obligated to pay its attorney a reasonable attorneys' fee.

WHEREFORE, Plaintiff, CAPS FUNDING, LLC, demands judgment against Defendant, SERGIO MARTINEZ, JR., for the full measure of Plaintiff's damages including, but not limited to, the principal amount owed, all interest owed, all damages recoverable under the Agreement, all damages recoverable pursuant to any applicable law, costs, and attorneys' fees, and for such other and further relief as this Court deems just and proper.

**COUNT IV: UNJUST ENRICHMENT**
**AGAINST MARTINEZ**

63. Caps hereby incorporates by reference the allegations contained in Paragraph Nos. 1-38 as though those allegations were fully set forth herein.

64. This is an action for unjust enrichment against Martinez for damages in excess of $75,000, exclusive of interest, costs, and attorneys' fees and is plead in the alternative to Count III.

65. Caps has conferred a benefit on Martinez by virtue of the advanced funds Caps paid to purchase the Assigned Invoices.

66. Martinez had and has knowledge of the benefits conferred by Caps.

67. Martinez voluntarily accepted the benefits conferred by Caps and Martinez has retained same.

68. Martinez has not paid Caps the full value of the benefits conferred on Martinez.

69. Caps has not otherwise been paid in full for the funds advanced or the loss of use those monies since the dates of the advances.

70. It would be inequitable for Martinez to retain the benefits conferred by Caps without paying Caps the full value of the benefits conferred.

WHEREFORE, Plaintiff, CAPS FUNDING, LLC, demands judgment against Defendant, SERGIO MARTINEZ, JR., for the full measure of Plaintiff's damages including, but not limited to, the principal amount owed, all interest owed, all

damages recoverable under the Agreement, all damages recoverable pursuant to any applicable law, costs, and attorneys' fees, and for such other and further relief as this Court deems just and proper.

## COUNT V: BREACH OF CONTRACT AGAINST DRAFTPROS (AS ASSIGNEE OF GSM AND MARTINEZ)

71. Caps hereby incorporates by reference the allegations contained in Paragraph Nos. 1-38 as though those allegations were fully set forth herein.

72. This is an action for breach of contract against draftPros by Caps, as Assignee of GSM and Martinez, for damages in excess of $75,000, exclusive of interest, costs, and attorneys' fees.

73. Pursuant to the Agreement, GSM and Martinez irrevocably appointed Caps as its/his/their attorney in fact with the power to, among other things, in GSM and/or Martinez's name, or otherwise, demand, sue for, and collect any and all monies due or coming due on accounts purchased by or pledged to Caps.

74. GSM and/or Martinez has/have a valid, binding, and enforceable contract with draftPros.

75. GSM/Martinez fully performed its/his/their Scope of Work under the Subcontract(s) in a timely and workmanlike manner.

76. draftPros has breached the Subcontract(s) including, but not necessarily limited to, failing to pay to Caps, as Assignee of GSM/Martinez, all amounts due GSM/Martinez under the Subcontract(s) promptly and in full.

77. As a direct and proximate result of draftPros' breach of the Subcontract, Caps, as Assignee of GSM and Martinez, has suffered and continues to suffer damages.

78. Caps, as Assignee of GSM/Martinez, is entitled to recover any and all damages to which GSM/Martinez may be entitled pursuant to the Subcontract(s) and/or applicable law including, but not necessarily limited to, interest, costs, attorneys' fees.

79. Caps, as Assignee of GSM and Martinez, has retained the services of the undersigned attorney to bring and maintain this action and has agreed and is obligated to pay its attorney a reasonable attorneys' fee.

WHEREFORE, Plaintiff, CAPS FUNDING, LLC, as Assignee of Defendants, GSM CONTRACTING, LLC and SERGIO MARTINEZ, JR., demands judgment against Defendant, DRAFTPROS, LLC, for the full measure of Plaintiff's damages including, but not limited to, the principal amount owed, all interest owed, all damages recoverable under the Subcontract(s), all damages recoverable pursuant to any applicable law, costs, and attorneys' fees, and for such other and further relief as this Court deems just and proper.

## COUNT VI: BREACH OF IMPLIED CONTRACT AGAINST DRAFTPROS

80. Caps hereby incorporates by reference the allegations contained in Paragraph Nos. 1-38 as though those allegations were fully set forth herein.

81. This is an action for breach of implied contract against draftPros for damages in excess of $75,000, exclusive of interest, costs, and attorneys' fees.

82. By virtue of draftPros' signing of the October 10, 2023 letter as well as draftPros' signing of the Notices of Assignment, one or more valid and binding contract(s) implied in fact or in law was/were created between draftPros and Caps.

83. Caps reasonably relied on draftPros' representations by virtue of draftPros' signing of the October 10, 2023 letter, draftPros' signing of the Notices of Assignment (including, but not limited to, draftPros' certification that the Assigned Invoices would be paid to Caps), as well as draftPros' partial performance of the implied contract(s) by properly remitting payment to Caps for four (4) of the seven (7) Assigned Invoices.

84. Caps' reasonable reliance on draftPros' promises induced Caps to advance funds to GSM and Martinez, which allowed or facilitated GSM's and Martinez's ability to conduct business and perform pursuant to the Subcontract(s) with draftPros.

85. DraftPros had actual knowledge of the benefits conferred by Caps on GSM, Martinez, and draftPros.

86. DraftPros had actual knowledge that monies due on the Assigned Invoices were to be paid to Caps.

87. It would be inequitable for draftPros to retain the benefits without compensating Caps for the value thereof as represented by the face value of the Assigned Invoices.

WHEREFORE, Plaintiff, CAPS FUNDING, LLC, demands judgment against Defendant, DRAFTPROS, LLC, for the full measure of Plaintiff's damages including, but not limited to, the principal amount owed, all interest owed, all damages recoverable under the Subcontract(s), all damages recoverable pursuant to any applicable law, costs, and attorneys' fees, and for such other and further relief as this Court deems just and proper.

**COUNT VII: PROMISSORY ESTOPPEL AGAINST DRAFTPROS**

88. Caps hereby incorporates by reference the allegations contained in Paragraph Nos. 1-38 as though those allegations were fully set forth herein.

89. This is an action for promissory estoppel against draftPros for damages in excess of $75,000, exclusive of interest, costs, and attorneys' fees.

90. By virtue of draftPros' signing of the October 10, 2023 letter as well as draftPros' signing of the Notices of Assignment, draftPros made promises to Caps that, among other things, draftPros would pay Caps the amounts owed on the Assigned Invoices.

91. DraftPros should reasonably have expected that its promises would induce action or forbearance on the part of Caps.

92. Caps detrimentally relied on draftPros' promises.

93. DraftPros promises, in fact, induced Caps to act.

94. DraftPros partially performed its promises to Caps by remitting payment to Caps for four (4) of the seven (7) Assigned Invoices.

95. DraftPros has failed to pay Caps the amounts owed on three (3) of the seven (7) Assigned Invoices.

96. Under the circumstances, draftPros should be estopped from acting contrary to its promises to remit payment on the Assigned Invoices to Caps.

WHEREFORE, Plaintiff, CAPS FUNDING, LLC, demands judgment against Defendant, DRAFTPROS, LLC, for the full measure of Plaintiff's damages including, but not limited to, the principal amount owed, all interest owed, all damages recoverable under the Subcontract(s), all damages recoverable pursuant to any applicable law, costs, and attorneys' fees, and for such other and further relief as this Court deems just and proper.

Respectfully submitted on December 30, 2024 by:

/s/ Brett A. Marlowe
Brian W. Bennett, Esquire
Florida Bar No.
Brett A. Marlowe, Esquire
Florida Bar No. 0310920
Turner Padget Bennett Florida, LLC
850 Concourse Parkway South
Suite 100
Maitland, Florida 32751

Phone: (407) 734-4559
Fax: (407) 209-1006
Email: brian@tpbflorida.com
brett@tpbflorida.com
bonnie@tpbflorida.com
diana@bennettlegalgroup.com