# SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This Settlement Agreement and Mutual Release is entered into by and between DraftPros, LLC ("DraftPros") and GSM Contracting, LLC ("GSM") and effective as of the Effective Date (defined below).

**WHEREAS** DraftPros entered into that certain Master Subcontract Agreement with GSM dated June 26, 2023 (the "Agreement");

**WHEREAS** GSM alleges that it performed the services described in Exhibit A to the Agreement (the "Services") and a dispute arose between GSM and DraftPros relating to payment for said Services;

**WHEREAS** GSM pursued relief in the form of pursuing liens against certain properties where the Services were performed;

**WHEREAS** the Parties are desirous of avoiding further expense and to resolve their dispute in lieu of engaging in protracted litigation;

**NOW THEREFORE** the Parties hereby agree to the terms of and enter into this Settlement Agreement and Mutual Release (sometimes referred to as "**Agreement and Release**"):

1. **Effective Date**. This Agreement and Release shall be effective as of the date last signed by the Parties.

2. **Recitals**. The Parties incorporate the recitals as material terms to this Agreement and Release.

3. **No admission of liability**. The Parties each deny liability with respect to the dispute and enter into this Agreement and Release solely as a compromise of disputed "Claims" (defined below) for the purpose of avoiding the uncertainty and costs associated with litigation. The

 EXHIBIT "I"

execution of this Agreement and Release is not, and shall not be construed as, an admission of liability on any Claim.

4. **Consideration**.

a. As consideration for this Agreement and Release, DraftPros agrees to pay GSM the total sum of $139,939.62 (the "Settlement Sum") by making two payments in the total of the Settlement Sum as follows:

i. Within 30 days of the Effective Date, DraftPros shall wire the sum of $69,969.81 to the trust account of Pierson Ferdinand LLP for the benefit of GSM.

ii. Within 60 days of the Effective Date, DraftPros shall wire the balance of the Settlement sum in the amount of $69,969.81 to the trust account of Pierson Ferdinand LLP for the benefit of GSM.

b. As consideration for this Agreement and Release, within 5 business days of the receipt of the first payment of $69,969.81 from DraftPros into trust by Pierson Ferdinand, GSM shall cause to be filed releases of lien for all properties that GSM liened to pursue payment from DraftPros for the Services.

5. **Releases**.

a. Effective upon the filing of all releases of lien for all properties that GSM liened to pursue payment from DraftPros for the Services, DraftPros LLC, on behalf of itself and on behalf of each of its officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, contractors, investors, successors and assigns (collectively referred to as the "DraftPros Releasors"), agrees to and does hereby waive, release,

relinquish, and forever discharge GSM Contracting, as well as each of GSM Contracting's employees, officers, shareholders, insurers, attorneys, agents, representatives, board of directors, predecessors, direct and indirect parent companies, direct and indirect subsidiaries, holding companies, affiliates, successors and assigns (collectively referred to as the GSM Releasees"), from any and all debts, claims, demands, damages, losses, liabilities, rights, actions, causes of action, suits, lawsuits, expenses, contracts, claims or promises of any kind (the "Claims"), whether liquidated, accrued, known, or foreseen, that as of the Effective Date Draft Pros, LLC has, claims to have, or could have against GSM Contracting or any GSM Releasee relating to or arising out of the Agreement or the Claims, except for the obligations set forth herein.

b. Effective upon the payment into trust of the balance of the Settlement Sum as described in section 4(a)(ii) above, GSM Contracting LLC, on behalf of itself and on behalf of each of its officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, contractors, investors, successors and assigns (collectively referred to as the "GSM Releasors"), agrees to and does hereby waive, release, relinquish, and forever discharge DraftPros, LLC, as well as each of DraftPros' employees, officers, shareholders, insurers, attorneys, agents, representatives, board of directors, predecessors, direct and indirect parent companies, direct and indirect subsidiaries, holding companies, affiliates, successors and assigns (collectively referred to as the DraftPros Releasees"), from any and all debts, claims, demands, damages, losses, liabilities, rights, actions, causes of action, suits, lawsuits, expenses, contracts,

claims or promises of any kind (the "Claims"), whether liquidated, accrued, known, or foreseen, that as of the Effective Date GSM Contracting has, claims to have, or could have against DraftPros LLC or any DraftPros Releasee relating to or arising out of the Agreement or the Claims, except for the obligations set forth herein.

6. **Warranties**.

a. Each of the Parties hereby warrants and represents that this Agreement and Release has been duly authorized, executed, and delivered by it, that this Agreement and Release constitutes valid and binding obligations enforceable against it in accordance with the terms contained herein, and that the execution and delivery of this Agreement and Release will not violate or contravene any governing documents or other agreements, as may be applicable, of any of the Parties or any agreement or instrument to which any of the Parties is a party.

b. Each Party warrants and represents that it owns all of its respective Claims being released by this Agreement and Release, and that it has not sold, assigned, granted, or transferred, and will not sell, assign, grant, or transfer, to any other person or entity any such Claim or any part thereof.

7. **Entire agreement**. This Agreement and Release embodies the entire agreement between the Parties. This Agreement and Release supersedes all prior agreements, negotiations, and understandings, if any, relating to or arising from the subject matter hereof.

8. **Amendments**. An amendment to this Agreement and Release shall only be effective if such amendment is documented in a written instrument that is executed jointly by the Parties.

9. **Successor and assigns**. This Agreement and Release shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and assigns.

10. **Opportunity for review**. The Parties acknowledge and agree that they have had the opportunity for their chosen counsel to review this Agreement and Release and, having either received or waived such counsel, have read and understand this Agreement and Release before signing.

11. **No reliance**.

a. In entering into this Agreement and Release, the Parties have not relied on any statements or representations relating to or arising out of the Claims, or this Agreement and Release by the other Party, or by any person representing the other Party, but instead the Parties have relied on the advice of their own attorneys and on their own independent judgment, except that each Party has relied upon the terms expressly set forth herein.

b. No tax advice has been offered or given by either Party, and each Party is relying upon the advice of her or its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement and Release or any payments under the Agreement and Release.

12. **Execution in multiple parts**. This Agreement and Release may be executed in any number of identical counterparts and via facsimile, electronic, or digital signature, each of which shall be deemed to be an original for all purposes, but all of which shall be taken together to constitute this Agreement.

13. **No Effect**. Except as provided herein, this Agreement and Release shall be, and remain, in effect, despite any alleged breach of this Agreement and Release or the discovery or

existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement and Release shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement and Release.

14. **WAIVER OF JURY TRIAL**.

a. EACH PARTY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL ACTION, PROCEEDING, CAUSE OF ACTION, OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT.

15. **Event of Breach**. In the event either Party breaches any term of this Agreement and Release, the nonbreaching Party shall give written notice via email to the alleged breaching Party describing the nature of the breach. The alleged breaching party shall then have ten (10) calendar days to cure the alleged breach. Notice of breach shall be provided as follows:

If to DraftPros, LLC, by emailing notice to:

[redacted]

With copies to:

[redacted]

If to GSM Contracting, LLC, by emailing notice to:

[redacted]

With copies to:

[redacted]

The Parties agree that the nonbreaching Party's delay or failure to notify the breaching Party of a breach of the Agreement and Release does not result in waiver.

16. **Attorney's Fees**. In the event of litigation regarding any alleged breach of this Settlement and Release, the prevailing Party shall be entitled to the recovery of that Party's reasonable attorneys' fees and costs.

17. **Severability**. If any provision or any part of any provision of this Agreement and Release is for any reason held to be invalid, unenforceable, or contrary to any public policy, law, statute, or ordinance, then the remainder of this Agreement and Release shall not be affected thereby and shall remain valid and fully enforceable.

18. **Further Assurances**. Following the execution and delivery of this Agreement and Release, each of the Parties shall take such action, and execute and deliver such further documents, as may be reasonably necessary or appropriate to effectuate the intents and purposes of this Agreement and Release.

Agreed and entered into by:

| DraftPros, LLC | GSM Contracting, LLC |
| --- | --- |
| By: [signature] | By: ______________________ |
| Its: CEO/ President | Its: ______________________ |
| Date: 12/02/24 | Date: ____________________ |

16. **Attorney's Fees**. In the event of litigation regarding any alleged breach of this Settlement and Release, the prevailing Party shall be entitled to the recovery of that Party's reasonable attorneys' fees and costs.

17. **Severability**. If any provision or any part of any provision of this Agreement and Release is for any reason held to be invalid, unenforceable, or contrary to any public policy, law, statute, or ordinance, then the remainder of this Agreement and Release shall not be affected thereby and shall remain valid and fully enforceable.

18. **Further Assurances**. Following the execution and delivery of this Agreement and Release, each of the Parties shall take such action, and execute and deliver such further documents, as may be reasonably necessary or appropriate to effectuate the intents and purposes of this Agreement and Release.

Agreed and entered into by:

| DraftPros, LLC | GSM Contracting, LLC |
| --- | --- |
| By: ____________________ | By: ____________________ |
| Its: ____________________ | Its: Manger |
| Date: ____________________ | Date: 11/26/24 |