UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CAPS FUNDING, LLC,**

      **Plaintiff,**

v.                                                                    Case No: 6:24-cv-02370-PGB-UAM

**GSM CONTRACTING, LLC,**
**SERGIO MARTINEZ, JR. and**
**DRAFTPROS, LLC,**

      **Defendants.**
_____/

## ORDER

This cause comes before the Court upon jurisdictional review.

**I.     BACKGROUND**

Plaintiff Caps Funding, LLC ("**Plaintiff**") initiated this action against Defendants GSM Contracting, LLC; Sergio Martinez, Jr. ("**Martinez**"); and Draftpros, LLC, on December 30, 2024. (Doc. 1). In the Complaint, Plaintiff asserts that the Court has subject matter jurisdiction over Plaintiff's claims "pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds . . . $75,000, exclusive of interest and costs and is between citizens of different states." (*Id.* ¶ 14).

In support of the complete diversity of the parties, Plaintiff—a limited liability company ("**LLC**") —avers that "[Plaintiff's] members are citizens of the State of South Carolina." (*Id.* ¶ 2). As for Defendants, Plaintiff alleges that, "[u]pon information and belief," GSM Contracting, LLC and Draftpros, LLC's (collectively,

the "**Defendant LLCs**") members "are citizens of the State of Florida" and that Martinez is a "resident of . . . Florida." (*Id.* ¶¶ 5, 7, 10).

## II. LEGAL STANDARD

Federal courts exercise limited jurisdiction and must "zealously [e]nsure that jurisdiction exists" in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a district court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Thus, in a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse. *See* 28 U.S.C. § 1332; FED. R. CIV. P. 8(a)(1). Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

For diversity purposes, a limited liability company is a citizen of each state of which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). An individual's citizenship is determined by domicile, which is established by residence plus an intent to remain. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002)). Residence alone is not enough. *Id.* (citation omitted).

### III. DISCUSSION

While the Complaint appears to establish the requisite amount in controversy required for diversity jurisdiction, it fails to provide sufficient information to establish the complete diversity of the parties. (*See* Doc. 1, ¶¶ 2, 5, 7, 10, 14). First, Plaintiff fails to adequately allege its own citizenship as well as the citizenship of the Defendant LLCs. (*See id.* ¶¶ 2, 5, 10); *Rolling Greens*, 374 F.3d at 1022 ("To sufficiently allege the citizenship of [an LLC] . . . a party must list the citizenships of all the members of the [LLC]."); *Glyde Solar, LLC v. Green House Solar & Air, Inc.*, No: 8:21-cv-2731-CEH-AAS, 2021 WL 9594012, at *2 (M.D. Fla. Dec. 20, 2021) (holding that a plaintiff who generically alleges that an LLC's unnamed members reside in particular state(s) does not sufficiently establish the LLC's citizenship for diversity purposes). Plaintiff also fails to adequately allege the citizenship of Martinez as an individual, as Plaintiff has simply alleged Martinez' state of residency. (*See* Doc. 1, ¶ 7).

Consequently, the Complaint fails to establish this Court's subject matter jurisdiction.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **January 27, 2025**, Plaintiff shall file an amended complaint in compliance with this Order and all applicable rules and law. Failure

to timely comply with this Order will result in the closure of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on January 17, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties